# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 11-721V
Filed: August 22, 2014
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | |
|---|---|
| BRIAN GORMAN and LORI GORMAN, parents of A.G., a minor, | * * * |
| Petitioners, | * * |
| v. | * * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * |
| Respondent. | * |

Stipulation; MMR; DTap; varicella; IPV; Optic Neuritis

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Robert Joel Krakow, Esq.,* Law Office of Robert J. Krakow, P.C., New York, NY, for petitioner.
*Tara J. Kilfoyle, Esq.*, U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

Brian Gorman and Lori Gorman, parents of A.G. a minor, ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on October 31, 2011. Petitioners allege that A.G. suffered optic neuritis that was caused in fact by the MMR, DTaP, varicella and IPV vaccines he received on November 18, 2008. *See* Stipulation, filed August 20, 2014, at ¶¶ 2, 4. Further, petitioners allege that A.G. experienced residual effects of his injury for more than six months. *Id.* at ¶ 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent denies that the MMR, DTaP, varicella, and IPV vaccines caused A.G.'s alleged optic neuritis and/or any other injury. *Id.* at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On August 20, 2014, the parties filed a joint stipulation[3] agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following compensation payments:

> **(a) A lump sum of $20,000.00, which represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Brian Gorman and Lori Gorman.**
>
> **(b) An amount of $160,000.00 to purchase an annuity contract with benefits to be paid as described in paragraph 10 of the attached stipulation. Said annuity to be purchased by the respondent from an insurance company meeting the capitalization and rating requirements described in paragraph 9 of the stipulation.**
>
> **(c) These amount represents compensation for all damages that would be available under § 300aa-15(a).**

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
**Thomas L. Gowen**
Special Master

---

[3] The attached joint stipulation is redacted and all of the redactions within the stipulation refer to the minor, A.G.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BRIAN GORMAN and LORI GORMAN, Parents of ▮▮▮▮▮▮ a minor, ) ) ) Petitioners, ) v. ) ) SECRETARY OF HEALTH AND HUMAN ) SERVICES, ) ) Respondent. ) ) | No. 11-721V<br>Special Master Thomas Gowen |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, ▮▮▮▮▮▮▮▮▮▮ petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to ▮▮▮'s receipt of the measles-mumps-rubella ("MMR"), diphtheria-tetanus-acellular pertussis ("DTaP"), varicella, and inactive poliovirus ("IPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).[1]

2. ▮▮▮ received MMR, DTaP, varicella, and IPV vaccines on November 18, 2008.

3. The vaccines were administered within the United States.

4. Petitioners allege that the MMR, DTaP, varicella, and IVP vaccines caused ▮▮▮ to develop optic neuritis, and that ▮▮▮ experienced residual effects of this injury for more than six months.

---

[1] The petition further states that ▮▮▮ received a trivalent influenza vaccine on October 14, 2008, but does not allege that this vaccine caused ▮▮▮ to suffer any injuries.

1

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of ▇▇▇ as a result of his condition.

6. Respondent denies that the MMR, DTaP, varicella, and IVP vaccines caused ▇▇▇'s alleged optic neuritis and/or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of **$20,000.00**, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Brian Gorman and Lori Gorman; and

   b. An amount of **$160,000.00** to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of ▮, pursuant to which the Life Insurance Company will agree to make payments periodically to ▮ for all damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a.    $86,000.00 payable in a certain lump sum on October 21, 2025.

    b.    $218,000.00 payable in a certain lump sum on October 21, 2034.

The purchase price of the annuity described in this paragraph shall be neither greater than nor less than $160,000.00. In the event that the cost of the annuity payments set forth above varies from $160,000.00, the final payment on October 21, 2034, listed above shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $160,000.00. ▮ will continue to receive the annuity payments from the Life Insurance Company for the certain periods indicated above. Should ▮ predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within **twenty (20) days** of ▮'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the

3

future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of ▮▮▮, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of ▮▮▮, on behalf of themselves, ▮▮▮ and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ▮▮▮ resulting from, or alleged to have resulted from, the MMR, DTaP, varicella, and IVP vaccines administered on November 18, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about October 31, 2011, in the United States Court of Federal Claims as petition No. 11-721V. In addition, petitioners, in their individual capacities and as legal representatives of ▮▮▮, on behalf of themselves, ▮▮▮, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., that the flu vaccine administered on October 14, 2008 caused ▮▮▮ to suffer optic neuritis, or any other injury alleged by petitioners in a petition for vaccine compensation filed on or about October 31, 2011, in the United States Court of Federal Claims as petition No. 11-721V.

17. If ▅ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR, DTaP, varicella, and IVP vaccines vaccines caused ▅ to suffer optic neuritis or any other injury or condition.

22. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of ▅ ▅.

6

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONERS:**

*/s/ Lori Gorman*
LORI GORMAN

*/s/ Brian Gorman*
BRIAN GORMAN

**ATTORNEY OF RECORD FOR PETITIONERS:**

*/s/ Robert J. Krakow*
ROBERT J. KRAKOW, ESQ.
Law Office of Robert J. Krakow, P.C.
~~1205 Franklin Avenue, Suite LL20~~
~~Garden City, NY 11530~~ 233 Broadway
~~(516) 354-330~~ Suite 2320
212-227-0600 NY NY 10279

**AUTHORIZED REPRSENTATIVE OF THE ATTORNEY GENERAL:**

*/s/ Vincent J. Matanoski by Catharine EL*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*/s/ A. Melissa Houston*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 8/20/14

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/ Tara Kilfoyle*
TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729