# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-721V
**Filed: November 20, 2014**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| BRIAN GORMAN and LORI GORMAN | * | |
| *Parents of* A.G., *a minor*, | * | |
| | * | Special Master Gowen |
| Petitioners, | * | |
| | * | Joint Stipulation; |
| v. | * | Attorneys' Fees and Costs; |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for petitioners.
Voris E. Johnson, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 31, 2011, Brian Gorman and Lori Gorman ("petitioners") filed a petition on behalf of their minor child, A.G., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioners alleged that as a result of receiving an MMR, DTaP, varicella, and IPV vaccines on November 18, 2008, A.G. suffered optic neuritis. Petition at ¶ 11, 15. On August 20, 2014, the parties filed a stipulation in which they

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

agreed to an award of compensation to petitioners. On August 22, 2014, the undersigned issued a Decision adopting the parties' stipulation for an award.  See Decision on J. Stip., filed Aug. 22, 2014.

On November 19, 2014, the parties filed a stipulation concerning attorneys' fees and costs. Petitioners request a total award of attorneys' fees and costs in the amount of $66,640.00. In accordance with General Order #9, petitioners represent that they personally incurred out-of-pocket costs related to this proceeding in the amount of $1,500.00. See Stipulation for Fees at ¶ 3(b), filed Nov. 19, 2014. Respondent does not object to the request for attorneys' fees and costs and to the out-of-pocket expenses petitioners incurred. Id. at ¶ 4.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs and out-of-pocket expenses.

Accordingly, an award should be made as follows:

(1) in the form of a check jointly payable to petitioners and to petitioners' attorney, Robert J. Krakow, of the Law Office Robert J. Krakow, P.C., in the amount of $66,640.00; and

(2) in the form of a check payable to petitioners only in the amount of $1,500.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                  **s/ Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.